NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 21-00567 (SRC) |
| v. | **AMENDED OPINION & ORDER** |
| TELWIN VINCENT | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion for bail pending appeal filed by Defendant Telwin Vincent ("Defendant" or "Vincent"). (ECF No. 49). The United States of America ("the Government") has opposed his motion. (ECF No. 51). For the reasons set forth below, the Court will deny Defendant's request.

In July 2021, Vincent pled guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344, 1349, and one count of conspiracy to use an unauthorized access device in violation of 18 U.S.C. § 1029(b)(2). (ECF No. 34). He was sentenced to a term of 41 months imprisonment by this Court on May 5, 2022. (ECF No. 44). On May 18, 2022, he filed a notice of appeal of his conviction and sentence, (ECF No. 46), and, on June 17, 2022, he filed a motion for bail pending his appeal, (ECF No. 49). The Court has delayed his surrender date until June 28, 2022, so that it could decide his motion for bail.

Under 18 U.S.C. § 3143(b), in order to obtain bail pending appeal, the defendant has the burden of proving that: (1) he is unlikely to pose a danger to the safety of the community or any other person if he is released, (2) the appeal is not for the purpose of delay, (3) the appeal raises a substantial question of law or fact, and (4) if the substantial question is answered in the defendant's

1

favor it is likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a sentence with a reduced term of imprisonment. 18 U.S.C. § 3143(b); see also United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985). In his bail motion, Defendant contends that (1) his appeal is likely to succeed because the Government erroneously informed the Court at sentencing that it did not have the authority to impose a non-custodial sentence, and (2) there is no evidence that he is a flight risk or that he poses a danger to others or the community. (Def. Br. at 4–8). The Court addresses both of Defendant's arguments below.

### A. Defendant Has Not Shown That His Appeal Raises a Substantial Question of Law or Fact

Defendant has not identified a substantial question of law or fact underlying his appeal. A substantial question of law or fact "is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985). "After the court finds that the question on appeal meets the . . . 'substantial' test, it must determine whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial." Id.

Here, the advisory Guidelines range for Defendant's two convictions was 41 to 51 months. (ECF No. 39, Final Presentence Investigation Report (PSR), ¶ 114). At the sentencing hearing, Defendant requested the Court eschew the Guidelines range, and instead impose a non-custodial sentence. The Government, however, pointed out that the Guidelines range was in Zone D of the sentencing table and was, therefore, ineligible for a non-custodial sentence.[1]

---

[1] The Government's interpretation of the Guidelines was correct. A Guidelines range of 41 to 51 months is in Zone D of the sentencing table. U.S.S.G. § 5A. For a range in Zone D, the Guidelines make clear that a term of imprisonment must be imposed. U.S.S.G. §§ 5B1.1; 5B1.1, comment (n.2) ("Where the applicable guideline range is in Zone C or Zone D of the Sentencing Table . . . the guidelines do not authorize a sentence of probation."); 5C1.1 ("If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment."); 5C1.1, comment (n.10).

Defendant now argues that his appeal presents a substantial question on which he is likely to obtain relief because the Government's statements at the sentencing hearing implied that the Court did not have any discretion to impose a non-custodial sentence. He points out that, pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are simply advisory and neither of the two counts to which he pled guilty carried a mandatory minimum term of incarceration. As such, he contends that the Court did, in fact, have the authority to impose a non-custodial sentence and it was reversible error to accept the Government's assertion that it could not do so under the Guidelines.

The Court finds Defendant's argument meritless. For one, Defendant has not carried his burden of showing that the Court made a mistake because he has not pointed to any specific statements where the Court represented that it believed the Guideline recommendations were mandatory when sentencing Defendant.[2] Without any affirmative evidence put forth by Defendant, the Court cannot conclude that there is a substantial question. See <u>United States v. Messerlian</u>, 739 F.2d 94, 95 (3d Cir. 1986) (explaining that the defendant bears the burden of establishing the four statutory factors necessary to obtain bail pending appeal).

More importantly, even assuming that the Government did characterize the Guideline recommendations as mandatory, the record indicates that the Court found a sentence of 41 months

---

[2] In his Reply brief, Vincent points to two statements which, he argues, show that the Government characterized the Guidelines as mandatory. (Def. Reply Br. at 2) (citing Sentencing Tr., 13:3-8, 13:14-18). But he does not identify any place where the Court accepted the Government's statements and applied the Guidelines as if they were mandatory. In fact, as discussed more fully below, the sentencing transcript indicates that the Court followed the exact procedure Defendant now argues it did not use. The Court applied the factors in 18 U.S.C. § 3553(a) and determined that a sentence at the bottom of the Guidelines range was more than appropriate under the circumstances. (Sentencing Tr., 21:14–15) (characterizing the 41-month sentence at the bottom of the Guidelines range as a "gift"). The discussion of the § 3553(a) factors evident from the sentencing transcript belies Defendant's argument that the Court treated the Guidelines as mandatory here.

was warranted by the facts and circumstances of the case. The Court applied the factors set forth in 18 U.S.C. § 3553(a) and concluded that a term of incarceration was appropriate. (Sentencing Tr., 18:16–21:15) (applying the § 3553(a) factors). In so doing, the Court considered the fact that the two counts to which Defendant pled guilty led to a loss of $348,028 and affected multiple victims. (PSR ¶¶ 70, 71; Sentencing Tr., 19:8-19). It referenced the facts in the record indicating Defendant was the organizer or leader of the conspiracy. (PSR ¶ 74; Sentencing Tr., 20:18-25–21:1-4). And the Court mentioned that it had recently sentenced one of Defendant's co-conspirators to a term of imprisonment of 48 months. (PSR ¶ 6; Sentencing Tr., 20:13-17). In light of all these considerations, the Court explicitly rejected Defendant's argument that he should receive a non-custodial sentence. The Court explained:

> [u]nder all the circumstances, this Court is not satisfied that the type of sentence which has been requested by the defense would be appropriate to reflect both the seriousness of the offense and the need for both specific and general deterrence. In short, this Court, given the complexity and sophistication of this offense, is not persuaded that the type of sentence that has been requested would be sufficient to deter Mr. Vincent from doing it again.

(Sentencing Tr., 21:5-12).

The Court's discussion of these factors suggests that it was unaffected by any misunderstanding about the applicability of the Guidelines. Rather, the Court used its own judgment to determine a reasonable sentence at the bottom of the Guidelines range. Given the record of the Court's independent reasoning, Defendant's appeal is unlikely to necessitate a vacated or substantially reduced sentence. Miller, 753 F.2d at 23 (explaining that part of the "substantial question" determination is whether an adverse appellate ruling is likely to lead to reversal).

**B. Defendant Has Not Shown That He is Unlikely to Pose a Danger to the Community**

Nor has Defendant shown that he is unlikely to pose a danger to any other person or the community. Defendant's brief mostly focuses on the fact that he is not a flight risk. (Def. Br. at 6–8). However, this argument does not provide clear and convincing evidence that he is not a danger to others or the community at large. See 18 U.S.C. § 3143(b)(A) (requiring the court to find "by clear and convincing evidence that [the defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." (emphasis added)). Instead, as the Government points out, the conduct that led to Defendant's convictions here points to the opposite conclusion. Defendant coordinated a years-long fraudulent scheme that involved using stolen credit card information to make online purchases. (PSR ¶¶ 23–26). His actions affected numerous victims and led to a loss of hundreds of thousands of dollars. (PSR ¶¶ 70, 71). And, even further, he was arrested again in May 2021 for, among other things, possession of forged instruments. (PSR ¶ 61). His conduct, both during the fraudulent scheme that led his current convictions and after, indicates that he still poses a danger to the community.

For the foregoing reasons, it is **SO ORDERED** that Defendant's motion for bail pending appeal (ECF No. 49) is **DENIED**; and it is further

**ORDERED** that Defendant is to surrender to the custody of the Bureau of Prisons on June 28, 2022.

.

                                           s/ Stanley R. Chesler
                                         STANLEY R. CHESLER
                                         United States District Judge

Dated: June 27, 2022